# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EFIONG M. BEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-226-SNLJ |
| | ) |
| UNKNOWN U.S. MARSHALS and | ) |
| UNKNOWN ST. LOUIS COUNTY | ) |
| OFFICERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Efiong M. Beard, an inmate at the St. Charles County Department of Corrections, for leave to commence this civil action without prepayment of the required filing fee. The Court will grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a letter stating that the jail would not provide him with a certified inmate account statement. (Docket No. 5). Therefore, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He names "Unknown U.S. Marshals" and "Unknown St. Louis County Officers" as defendants, and he sues them in an official and individual capacity.

Plaintiff alleges that he was at a friend's house on January 10, 2018 when he saw an armed U.S. Marshal approaching the house. He and his friend hid in the attic. While in the attic, he heard the U.S. Marshals kick down the door, and ask about plaintiff's whereabouts. The Marshals and unknown St. Louis County officers began to search the house. Plaintiff heard his friend's mother tell the Marshals that plaintiff and his friend were in the attic. Unknown Marshals proceeded towards the attic and began to search, but could not find plaintiff and his friend. They shot pepper balls and pepper spray into the attic while yelling for plaintiff to come out. After about 45 minutes, plaintiff came out of the attic. Unknown Marshals apprehended, handcuffed and searched him, and caused one of their dogs to bite plaintiff's foot. An unknown Marshal stomped on plaintiff's head while unknown St. Louis County officers stood by. Another

unknown Marshal jumped in front of plaintiff and his elbow hit plaintiff in the face, chipping two of plaintiff's teeth.

The Marshals then arrested plaintiff's friend. Then, "one of the numerous U.S. Marshals walked up to me and my friend and said 'oh before I forget to tell you, some people across the water said don't cross that water again, or you might not make it back.'" (Docket No. 1 at 4). Another unknown Marshal called plaintiff a name, and plaintiff responded with an insult. Other unknown Marshals joined in, and the group argued. Then plaintiff and his friend were taken to a hospital in St. Charles where they were treated for their injuries. Plaintiff noticed that an unknown Marshal was showing other unknown Marshals footage of the dog attack. Plaintiff was then taken to the St. Charles County Jail. He has a scar on his leg from where the dog attacked him.

Plaintiff states that he brings federal and state law claims against all of the U.S. Marshals for the Eastern District of Missouri and all of the unknown Saint Louis County officers, and he also states that he brings claims against Unknown Saint Clair County officers. However, he does not mention St. Clair County officers anywhere else in the complaint. He seeks declaratory, injunctive, and monetary relief.

**Discussion**

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

In this case, the complaint does not contain allegations sufficiently specific to permit the identity of "Unknown U.S. Marshals" and "Unknown St. Louis County Officers" to be ascertained after reasonable discovery. In addition, the "Unknown U.S. Marshals" and "Unknown St. Louis County Officers" are not only unidentified, they are indeterminate in number. This is impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As a result, the complaint is legally frivolous, and will be dismissed as such. Moreover, because plaintiff is proceeding *in forma pauperis*, the Court is charged with service of the complaint on his behalf. The Court cannot effect service upon defendants who are identified only as "Unknown U.S. Marshals" and "Unknown St. Louis County Officers" with no indication of their surnames or some other identifying information.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE